IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| HOLLY M. KAPUSTA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:10-1388-MBS-BM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WINGS, ETC., LLC, AND ) | |
| CHRISTOPHER ROEHM, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff has moved for a final default judgment against the Defendant Wings, Etc., LLC ("Wings") pursuant to Rule 55(b), Fed.R.Civ.P. However, prior to consideration of Plaintiff's motion for a *final* default judgment, the Court must first consider whether to strike the answer of Wings and direct that a default be entered pursuant to Rule 55(a), Fed.R.Civ.P.

Defendant Wings was initially represented by counsel, and filed an Answer on July 30, 2010. However, on January 3, 2011, the Court granted defense counsel's motion to withdraw. Defendant Wings was then specifically instructed that it could not participate in this action without an attorney, and was given thirty (30) days to retain counsel. See Court Docket No. 26. That deadline passed without Wings obtaining new counsel. On February 15, 2011, the Court issued another order giving Wings twenty (20) additional days to obtain counsel, and admonishing that

1



failure to do so could result in an entry of default. That Order also directed that Plaintiff should file an appropriate motion upon noncompliance. The deadline again passed without Wings obtaining counsel.

Wings may appear in federal court only through a licensed attorney. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). Despite giving Defendant Wings sufficient time to obtain counsel and warnings of the consequences for a failure to do so, Wings has not obtained counsel in this matter. Therefore, the undersigned recommends that Wings' answer and counterclaim filed on July 30, 2010 be stricken, and that an entry of default be entered by the Clerk. See Federal Trade Commission v. RCA Credit Services, LLC, 727 F.Supp.2d 1320, 1325 (M.D.Fla. 2010). Plaintiff may then proceed with her attempt to obtain a final judgment by default as to Defendant Wings. Cf. Marr Investments, Inc. v. Evergreen Marine Corp., Ltd., No. 09-7659, 2010 WL 2998798 at *1 (C.D.Cal. July 27, 2010)[Failure of corporate defendant to retain new counsel may result in the imposition of sanctions or entry of default judgment]; DeForest v. Johnny Chisholm Global Events, LLC, No. 08-498, 2010 WL 1792094 at *10 (N.D.Fla. May 4, 2010); Star Pacific Corp. v. Star Atlantic Corp., No. 08-4957, 2009 WL 3380608 at **1-2 (D.N.J. Oct. 20, 2009)[Corporate defendants' answers and counterclaims stricken and entry of default entered where corporate defendants failed to retain counsel]; see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].



The parties are referred to the notice page attached hereto.[1]

_____
Bristow Marchant
United States Magistrate Judge

April 14, 2011
Charleston, South Carolina

---

[1] The Clerk is directed to mail a copy of this Report and Recommendation to the Defendant Wings c/o the registered agent for service of process, as well as to the pro se Defendant Roehm.



3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).