IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Holly M. Kapusta,           )<br>                             )<br>            Plaintiff,    )<br>                             )<br>       vs.              )<br>                             )<br>Wings, Etc., LLC and Christopher )<br>Roehm,                    )<br>                             )<br>            Defendants.  )<br>_____) | C/A No. 2:10-1388-MBS-BM<br><br>**O R D E R** |

    Plaintiff Holly M. Kapusta brings this action against her former employer, Defendants Wings, Etc., LLC ("Wings") and the owner/manager of Wings, Christopher Roehm, alleging that she was subjected to sexual harassment in violation of 42 U.S.C. § 2000e-2(a). Plaintiff also asserts state law causes of action. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant.

    It appears from the record that Defendants initially were represented by counsel. Defendants jointly filed an answer and counterclaim on July 30, 3010. Counsel for Defendants filed motions to withdraw, which motions were granted by the Magistrate Judge on December 1, 2010 as to Defendant Roehm and on January 3, 2011 as to Defendant Wings. Defendant Roehm represents himself pro se. Defendant Wings has not retained substitute counsel, despite being warned that it must do so. See Rowland v. Calif. Men's Colony, 506 U.S. 194, 201-02 (1993) (holding that corporations, partnerships, or associations may not appear in federal court otherwise than through a licensed attorney); see also Orders of Magistrate Judge Marchant, ECF Nos. 26, 29.

The matter came before the Magistrate Judge on motion for default judgment against Defendant Wings filed by Plaintiff on March 8, 2011. On April 15, 2011, the Magistrate Judge issued a Report and Recommendation in which he determined that the initial consideration is whether to strike the answer of Defendant Wings and direct that default be entered pursuant to Fed. R. Civ. P. 55(a). The Magistrate Judge noted that, despite being given sufficient time to obtain counsel and warnings of the consequences for a failure to do so, Defendant Wings has not obtained counsel. Accordingly, the Magistrate Judge recommended that Defendant Wings' answer and counterclaim filed July 30, 2010 be stricken, and that an entry of default be entered by the Clerk of Court as to Defendant Wings.. No party filed objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. The answer and counterclaim of Defendant Wings is stricken. The Clerk of Court shall enter default as to Defendant Wings. The

matter is recommitted to the Magistrate Judge for further pretrial handling.

    **IT IS SO ORDERED**.

                                                    /s/ Margaret B. Seymour  
                                                    United States District Judge

Columbia, South Carolina

May 18, 2011