IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| HOLLY M. KAPUSTA, ) | CIVIL ACTION NO.: 2:10-CV-1388-MBS-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| WINGS ETC., LLC and ) | |
| CHRISTOPHER ROEHM, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

   This action has been filed by the Plaintiff pursuant to, <u>inter alia,</u> 42 U.S.C. § 2000(e)-(5)(f), alleging a claim of gender discrimination against her former employer, Wings, Etc., LLC. Plaintiff alleges that the Defendant Roehm, who has asserted a counter-claim against the Plaintiff, was the owner of Wings, Etc., LLC, and her immediate supervisor.

   The Defendant Wings, Etc., LLC is in default. <u>See</u> Order filed May 18, 2011. Plaintiff filed a motion for summary judgment against the Defendant Roehm on June 1, 2011, asserting therein that she had served First Request for Admissions on the Defendant on February 15, 2011, and that the Defendant failed to respond to those requests. Plaintiff argues that these requests are therefore now deemed to have been admitted, and that since the Defendant has

1



admitted the claims as set forth in Plaintiff's Requests for Admissions, there is no issue of material fact for the Court to decide.

As the Defendant Roehm is proceeding pro se, a Roseboro order was entered by the Court on June 6, 2011, advising the Defendant of the importance of a motion for summary judgment and of the need for him to file an adequate response. The Defendant Roehm thereafter filed a response in opposition on July 8, 2011. Roehm argues in his response that he is "no longer able to retain the services of an attorney for financial reasons which is why we had to allow the corporation to default and I must proceed as pro se which has been in itself overwhelming." The Defendant asks that he be allowed to defend this lawsuit, and has submitted several exhibits, including copies of affidavits contesting Plaintiff's claims. Plaintiff filed a Reply Memorandum on July 20, 2011.

A review of the docket sheet in this case reveals that the Defendants were both initially represented by counsel, and that a Scheduling Order was entered providing for a discovery deadline of April 8, 2011, mediation by May 21, 2011, and motions due by May 28, 2011.[1] However, Defendants' counsel filed motions to withdraw from representation of both Roehm individually and Wings, Etc., LLC in December 2010. These motions were granted, and by Order filed January 3, 2011 the Defendant Wings, Etc., LLC was granted thirty (30) days to retain new counsel.[2] A second Order was filed on February 15, 2011 (apparently the same day

---

[1] The Order on the docket contains a typographical error, using the month of March instead of May.

[2] As a corporation, Wings, Etc., LLC could only appear in Federal Court through a licensed attorney. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).



Plaintiff served her First Request for Admissions on the Defendants), granting Wings, Etc., LLC an additional twenty (20) days to retain counsel. However, Roehm states in his response to the Plaintiff's motion that he is financially unable to retain the services of an attorney, and as a result Wings, Etc., LLC did not retain counsel and is now in default.

As it is apparent that the Request for Admissions cited by Plaintiff in her motion was served and outstanding during the same period of time the question of whether counsel would make an appearance on behalf of one or both of the Defendants was being resolved, the undersigned does not find that it would be appropriate to grant Plaintiff summary judgment against Roehm on that ground at this time. Based on the circumstances, if a request had been made for a stay of the discovery period until the Defendant(s) determined if they were going to be able to retain counsel, and/or an extension had been requested, the request in all likelihood would have been granted. Defendant's attachments to his response to Plaintiff's motion also reveal an effort on his part to establish a legitimate defense to Plaintiff's claims, and in light of this Court's obligation to treat pro se litigants with some degree of liberality in order to allow for the presentation of a potentially meritorious defense; Cruz v. Beto, 405 U.S. 319 (1972); Plaintiff's motion for summary judgment in this case on the grounds cited should be **denied**. See U.S. v. Petroff-Kline, 557 F.3d 285, 293 (6th Cir. 2009) (quoting Gutling v. Falstaff Brewing Corp., 710 F.2d 1309, 1312 (8th Cir. 1983)["the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted."] (quoting Gutling v. Falstaff Brewing Corp., 710 F.2d 1309, 1312 (8th Cir. 1983)).

If the Court adopts this recommendation, the undersigned will issue a revised Scheduling Order setting forth a new deadline to complete discovery in this case, with the pro se



Defendant being placed on notice that if he fails to provide or permit discovery in the case, summary judgment will be granted against him. See Rule 37(b)(2), Fed.R.Civ.P.; see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from litigant failing to obey his order was proper grounds for the district court to dismiss suit when litigant did not comply despite warning]; Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954, n.2 (4th Cir. 1987) [noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 28, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

