IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| HOLLY M. KAPUSTA, ) | CIVIL ACTION NO.: 2:10-CV-1388-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| WINGS ETC., LLC and ) | |
| CHRISTOPHER ROEHM, ) | |
| ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff pursuant to, inter alia, 42 U.S.C. § 2000(e)-(5)(f), alleging a claim of gender discrimination against her former employer. The Defendant Wings, Etc., LLC is in default. See Order filed May 18, 2011. Plaintiff alleges that the Defendant Roehm, who has asserted a counter-claim against the Plaintiff, was the owner of Wings, Etc., LLC, and her immediate supervisor.

**Background**

Plaintiff filed a motion for summary judgment against the Defendant Roehm on June 1, 2011, asserting therein that she had served First Requests for Admissions on the Defendant on February 15, 2011, and that the Defendant had failed to respond to those requests. Plaintiff argued that these requests were therefore now deemed to have been admitted, and that since the Defendant had admitted the claims as set forth in Plaintiff's Requests for Admissions,

1



there was no issue of material fact for the Court to decide. As the Defendant Roehm is proceeding pro se, a Roseboro order was entered by the Court on June 6, 2011, advising the Defendant of the importance of a motion for summary judgment and of the need for him to file an adequate response.

The Defendant Roehm thereafter filed a response in opposition on July 8, 2011, stating that he was proceeding pro se and asking that summary judgment on Plaintiff's claims be denied. Following the filing of a reply memorandum by the Plaintiff on July 20, 2011, a report was entered recommending that the Plaintiff's motion for summary judgment be denied. That report further set forth that, if the Court adopted the recommendation, the undersigned United States Magistrate Judge would issue a revised scheduling order setting forth a new deadline to complete discovery in this case, with the pro se Defendant specifically being placed on notice that if he continued to fail to provide or permit discovery, summary judgment would be granted against him. See Court Docket No. 53. The Court adopted this recommendation, and an Amended Scheduling Order was thereafter entered in which the pro se Defendant was again advised that if he failed to provide or permit discovery in the case, summary judgment would be granted against him. See Court Docket No. 57; see also Rule 37(b)(2), Fed.R.Civ.P.; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from litigant failing to obey his order was proper grounds for the district court to dismiss suit when litigant did not comply despite warning].

On November 22, 2011, Plaintiff filed a renewed motion for summary judgment, stating therein that, as of the date of that filing, there had still been no response by the pro se

2



Defendant to the Plaintiff's Requests for Admissions, that by virtue of Defendant's refusal to respond to the Plaintiff's Requests for Admissions he had admitted the claims set forth in Plaintiff's Requests for Admissions, and requesting that summary judgment be granted in Plaintiff's favor as to her claims as well with respect to the Defendant's counterclaims.  In light of Defendant's pro se status, another Roseboro Order was entered by the Court on November 28, 2011.  However, that Roseboro Order, which was mailed to the address provided to the Court by the Defendant, was returned as undeliverable.  Further, the Defendant has filed no response to Plaintiff's motion.[1]

### Discussion

Based on the foregoing, and after careful review and consideration of this matter, the undersigned finds and concludes that Plaintiff's renewed motion for summary judgment should be **granted**.  The Defendant has not responded to Plaintiff's Requests for Admissions.  The Court has already excused Defendant's failure to do so on one occasion; see Court Docket No. 53; with the Defendant being specifically admonished at that time that if he again failed to provide or permit discovery in the case, summary judgment would be granted against him.  See Court Docket No. 57.  Defendant has provided no rationale or basis for any further leniency from the Court with respect to this issue, and therefore Plaintiff's Requests for Admissions should be deemed admitted.  See Rule 36(a)(3), Fed.R.Civ.P.

Plaintiff alleges in her Complaint that she is a former employee of the Defendant Wings, Etc., LLC, which was owned by the Defendant Roehm.  Plaintiff alleges that during her

---

[1] However, the parties did subsequently engage in mediation on December 22, 2011, which was unsuccessful.  See Court Docket No. 67.



employment she was sexually harassed and assaulted by the Defendant Roehm, and that she then was retaliated against for having opposed this harassment (which constituted a hostile work environment), thereby forcing her to leave her employment with the Defendants. Plaintiff further alleges that the Defendant's actions constituted assault and battery under state law, as well as malice and reckless indifference on the part of the Defendants as well as the breach of an implied contract of employment. See generally Complaint. Pursuant to Plaintiff's First Requests for Admissions, the Defendant should be now deemed to have admitted that Plaintiff was a good and valuable employee during the time of her employment, that the Defendant was her supervisor, that the Defendant engaged in sexually harassing and assaultive behavior against the Plaintiff on several occasions, and that Plaintiff resigned her employment based on the admitted sexual harassment of the Defendant Roehm. With respect to Defendants' counterclaims, Defendant should be deemed to have admitted that Plaintiff never provided alcoholic drinks to anyone without payment except as authorized by her supervisor, that Plaintiff never partook of alcohol belonging to the Defendants without payment or without authorization of her supervisor, that Plaintiff never converted any of the Defendants' assets, inventory, goods, or services to her own use or advantage, and that Plaintiff never willfully violated any applicable laws governing hours and methods of service of alcoholic beverages. See Court Docket No. 63-1.

As such, there is no genuine issue of fact with respect to the claims asserted by Plaintiff in her Complaint, or the counterclaims of the Defendant, and summary judgment should be granted to the Plaintiff both with respect to the claims in her complaint and to the counterclaims asserted by the Defendant. See Rule 56(c), Fed.R.Civ.P. [Summary judgment



shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law].

## Conclusion

Based on the foregoing, it is recommended that Plaintiff be **granted** summary judgment on her claims,[2] as well as on Defendant's counterclaims.

The parties are referred to the Notice Page attached hereto.[3]

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　Bristow Marchant
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

January 10, 2012
Charleston, South Carolina

---

[2] With regard to any liability the Defendant Roehm may have under Title VII, however, the undersigned is constrained to note that there is no individual liability under title VII. Lissau v. Southern Food Service, Inc., 159 F.3d 177, 178-181 (4th Cir. 1988); Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999)[stating that "Title VII does not provide a remedy against individual Defendants who do not qualify as 'employers.']; cf. Hofmann v. Baysaver Technologies, Inc., No. 10-2067, 2011 WL 915336 at * 2 (D.Md. Mar. 15, 2011)[Finding no individual liability for owner under Title VII].

[3] As noted, the Court's Roseboro Order mailed to the pro se Defendant was returned undelivered, a problem which has occurred before. See Court Docket No. 39. It is the Defendant's responsibility to provide an adequate mailing address with the Clerk of Court. In any event, the Court was advised by defense counsel's office that Plaintiff may also have another mailing address: 7312 Coopers Hawk, Hanahan, South Carolina 29401. Therefore, out of an abundance of caution, the Clerk is directed to mail a copy of this Report and Recommendation to both the address on file with the Clerk's Office as being the Defendant's address, as well as to the Coopers Hawk address.

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

